# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2007

Charles R. Fulbruge III
Clerk

No. 06-60798

---

IN THE MATTER OF: STONECRAFT LLC,

Debtor,

JOHN SLAGTER,

Appellant,

v.

STONECRAFT, LLC,

Appellee.

---

Appeal from the United States District Court from the
Southern District of Mississippi, Jackson
U.S.D.C. No. 3:05-cv-560

---

Before DAVIS, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In this bankruptcy appeal, only one significant issue is presented: whether the appellant, John Slagter, impliedly consented to the bankruptcy court rendering final judgment in an adversary proceeding thereby treating this non-core proceeding as though it were a core proceeding. For the following reasons we answer this question in the affirmative.

1. In June 2004, after the court denied appellant's motion for abstention in which he claimed the right to de novo review of the bankruptcy court findings, appellant, without any reservation of rights, filed a counterclaim seeking an order awarding him ownership of the patent at issue.

2. In November 2004, appellant filed a motion for summary judgment seeking a final adjudication by the bankruptcy court.

3. In January 2005, trial on the adversary proceeding was held. Appellant raised no argument in pretrial briefing or at trial that the case should proceed as a non-core matter.

4. After the bankruptcy court rendered judgment awarding the patent to appellee, appellant filed no objection to the bankruptcy court findings under 28 U.S.C. § 157(c)(1) which provides for de novo district court review of a bankruptcy court's findings of fact and conclusions of law. Instead, appellant lodged his appeal to the district court under 28 U.S.C. § 158(a), the section applicable to appeals from final judgments of the bankruptcy court.

The above action and inaction of the appellant adequately demonstrates that he consented to the jurisdiction of the bankruptcy court to decide this case as a core proceeding. See McFarland v. Leyh (In the Matter of Texas Gen'l Petroleum Corp.), 52 F.3d 1330, 1337 (5th Cir. 1995).

Appellant also argues that the bankruptcy court and the district court erred in denying his motion to abstain. We need not decide this issue because we agree with the district court that this case is equitably moot in light of: (1) the fact that appellant failed to obtain a stay, (2) the plan has been substantially

consummated, and (3) the requested relief would affect parties not before the court. See Manges v. Seattle-First Nat'l Bank (In the Matter of Manges), 29 F.3d 1034, 1039 (5th Cir. 1994).

For these reasons, we affirm the judgment of the district court.

AFFIRMED.